NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50375 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00280-PA-1 |
| v. | |
| CUBBY WAYNE WILLIAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 11, 2021[**]
Pasadena, California

Before: MURGUIA, BADE, and LEE, Circuit Judges.

Defendant Cubby Wayne Williams appeals his 2019 jury conviction on twenty-six counts related to the preparation of false tax returns under 26 U.S.C. § 7206. Williams contends that the district court erred in excluding expert and lay testimony on a traumatic brain injury he suffered in 1992. Williams also

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

contends that the district court imposed an unconstitutional supervised release condition. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1.      Williams argues that the district court erred in excluding the testimony of Dr. Jeffrey Wertheimer, a clinical neuropsychologist. Williams sought to present Dr. Wertheimer's testimony to refute the government's theory that Williams intentionally violated tax laws.[1] "We review for abuse of discretion the district court's decision whether to exclude expert testimony." *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997) (en banc). The district court has "wide latitude in admitting or excluding psychiatric testimony on the question of a defendant's incapacity to form specific intent," *United States v. Twine*, 853 F.2d 676, 679 n.1 (9th Cir. 1988) (citation omitted), and its factual findings will not be reversed unless they are "illogical, implausible, or without support in inferences that may be drawn from facts in the record," *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

The district court did not abuse its discretion in excluding Dr. Wertheimer's

---

[1] To convict under 26 U.S.C. § 7206(1) or (2), the government must prove that the defendant acted "willfully"—that the defendant knew federal tax law imposed a duty on him, and that he intentionally violated that duty. *See Cheek v. United States*, 498 U.S. 192, 201–03 (1991).

proffered testimony as unhelpful under Federal Rule of Evidence 702, and potentially misleading or confusing under Federal Rule of Evidence 403. Williams failed to establish that Dr. Wertheimer's proffered testimony on Williams's cognitive deficit and behavioral disturbance would have aided the jury in resolving whether, due to his brain injury, Williams was able to form the necessary mens rea for the charges he faced. In other words, Williams failed to establish that Dr. Wertheimer's opinions were connected to Williams's ability to act willfully in this case. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) (noting that an expert's testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."); *see also Lust v. Merrell Dow Pharms, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("It is the proponent of the expert who has the burden of proving admissibility.").

2. Williams also argues that the district court erred in excluding his sister's lay testimony. Williams's sister sought to testify that Williams suffered a traumatic brain injury in an accident in 1992, "he never returned to normal after the accident," and his memory was "worse than before the accident." Vague testimony that Williams was forgetful or that he never returned to normal would not have aided the jury in determining whether he acted willfully—the central issue at trial. *See* Fed. R. Evid. 701. What is more, the district court correctly determined that the probative value of this testimony was substantially outweighed by the danger of undue

prejudice, wasting the time of the jury, and confusing the issues under Federal Rule of Evidence 403. *See United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) ("A district court's decision to exclude . . . evidence under [Federal Rule of Evidence] 403 is reviewed with considerable deference") (internal quotation marks and citation omitted). We therefore conclude that the district court did not abuse its discretion in excluding this testimony for the same reasons it excluded Dr. Wertheimer's testimony. *See United States v. Whittemore*, 776 F.3d 1074, 1077 (9th Cir. 2015) ("We review evidentiary rulings for abuse of discretion and any underlying factual determinations for clear error.").

3.      The parties agree that the district court committed a plain sentencing error in imposing standard condition 14, which we invalidated as unconstitutionally vague. *See United States v. Magdirila*, 962 F.3d 1152, 1158–59 (9th Cir. 2020). We therefore vacate the sentence in part, and remand for the limited purpose of allowing the district court "to craft a supervised release condition that accords with [Williams's] criminal history." *Id.* at 1159. "On remand, the district court may wish to consider the language in United States Sentencing Guideline Manual § 5D1.3(c)(12)." *Id.*

**AFFIRMED in part, REVERSED in part, and REMANDED.**